PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL KEITH FORRESTER, | CASE NO. 4:19-CV-1730 |
| Plaintiff, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | [Resolving ECF Nos. 1, 32] |

Pending before the Court is Health Service Administrator Barnes', Dr. J. Dunlop's, and Physicians Assistant Griffith's (Collectively, "Ohio Defendants") Motion to Dismiss. ECF No. 32. Plaintiff did not respond. The Court has reviewed the parties' filings and the applicable law. For the reasons stated herein, the Ohio Defendants' Motion is granted.

## I. Procedural Posture

*Pro se* Plaintiff Michael Keith Forrester, a former federal prisoner, filed this *Bivens*[1] action in the United States District Court for the Western District of Texas on September 7, 2018. ECF No. 1-1. In Forrester's Complaint, he alleges numerous instances of negligence, medical deliberate indifference and poor living conditions while incarcerated in FCI La Tuna in Anthony, Texas from April 9, 2014 to February 24, 2016 and then in FCI Elkton in Lisbon, Ohio

---

[1] Western District of Texas District Court Judge Kathleen Cardone, construing the Complaint liberally, determined that Plaintiff asserted a *Bivens* action against all Defendants named in the Complaint. (ECF No. 42). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action because plaintiff alleged he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

(4:19CV1730)

from March 1, 2016 until his release from prison on October 26, 2017. He named as Defendants the Federal Bureau of Prisons ("BOP") South Central Region, the BOP Northeast Region, seven Defendants employed by the La Tuna prison ("Texas Defendants"), and FCI Elkton Health Services Administrator Barnes, Dr. J. Dunlop, and Physicians Assistant Griffith (as noted, "Ohio Defendants").

The Texas Defendants and Ohio Defendants each filed Motions to Dismiss (ECF Nos. 31 and 32). The Magistrate Judge to whom the matter was referred issued a Report and Recommendation. ECF No. 36. First, he recommended granting the Texas Defendants' Motion on the grounds that it was barred by the statute of limitations. *Id*. at PageID #: 347. He then separated the claims against Nurse Rios from those against the other Texas Defendants, in part, because she was not properly served, and recommended dismissal of the Fifth and Fourteenth Amendment claims against her with prejudice; it was also recommended that the Eighth Amendment claims against Rios be dismissed without prejudice. *Id*. at PageID#: 353. The Magistrate Judge recommended granting the Ohio Defendants' Motion to Dismiss on the grounds that the Court lacked personal jurisdiction over the Defendants. *Id*. at PageID #: 349. In addition, the Magistrate Judge recommended that the *Bivens* claims against the Ohio Defendants be transferred to this Court. *Id*. at PageID #: 354. The Magistrate Judge construed claims against the BOP in the South Central Region and the Northeast Region as claims against the United States under the Federal Tort Claims Act ("FTCA"). *Id*. at PageID #: 343.

District Judge Kathleen Cardone accepted and adopted the Magistrate Judge's Report and

(4:19CV1730)

Recommendation.[2] ECF No. 42. She granted the Motion to Dismiss filed by the Texas Defendants (ECF No. 31) and dismissed the claims against them with prejudice as time-barred. ECF No. 42 at PageID #: 366. She ordered the claims against the Ohio Defendants be transferred to this District Court but did not address the portion of the Report and Recommendation that she adopted which also granted the Motion to Dismiss. *Id*. The Ohio Defendants' Motion to Dismiss (ECF No. 32), however, was terminated on the docket. The Court dismissed the Fifth and Fourteenth Amendment claims against Nurse Rios with prejudice and dismissed the Eighth Amendment claims against Rios without prejudice. Finally, the Court ordered Plaintiff to file an Amended Complaint asserting his FTCA claims against the government and any Eighth Amendment claims against Rios which were not time barred within twenty-one days of the order. ECF No. 42 at PageID #: 365-66.

One day after issuing her order adopting the Report and Recommendation, Judge Cardone issued another order which clarified her intent with regard to the prior order (ECF No. 42) and the status of the case. *See* W.D. Tex. Docket 2018-CV-00261, ECF No. 43. First, she clarified that all claims against the individually-named Texas Defendants were dismissed, including those against Rios. *Id*. Claims against the individually-named Ohio Defendants and their Motion to Dismiss were transferred to this Court. *Id*. Finally, all claims against the BOP, including those asserted against the Northeast Region, remained before the Texas Court. *Id*.

Based on the clarification order (ECF No. 43), it appears that only Plaintiff's *Bivens*

---

[2] Neither party filed objections to the Magistrate Judge's report and recommendation. After reviewing the report and the record, Judge Cardone found the Magistrate Judge's proposed findings of fact and conclusions of law not to be erroneous nor contrary to law. ECF No. 42 at PageID #: 366.

3

(4:19CV1730)

claims asserted against the Ohio Defendants (ECF No 1 at PageID #: 7-12) and the Ohio Defendants' Motion to Dismiss (ECF No. 32) are before this Court.

## II. Factual Background

Plaintiff was first incarcerated in FCI La Tuna in Anthony, Texas. He alleges the living conditions at FCI La Tuna caused him to be infected with anthrocosilicosis ("Black Lung") and coccidioides immitis ("Valley Fever'). Plaintiff was HIV positive prior to his incarceration at La Tuna. He contends the Special Housing Unit ("SHU") did not have proper ventilation and he was exposed to mold, asbestos, coal dust, and fungal spores. He also alleges the walls of the SHU dripped a yellowish liquid and the prison was infested with cockroaches. He complained to prison staff about living conditions but was only transferred from one cell to another without abating the conditions.

Plaintiff was transferred to FCI Elkton on March 1, 2016. On March 16, 2016, during a routine chest x-ray, a lesion approximately 20 mm in diameter was discovered on the middle lobe of his left lung. Prison officials transported him to Salem Regional Medical Center in Salem, Ohio where additional testing was conducted. There, a pulmonologist offered a preliminary diagnosis of non-tuberculosis mycobacterium pneumonia. Plaintiff states he remained hospitalized for thirty days and was started on different treatment regimes. He was released from the hospital on April 15, 2016. At that time the lesion had decreased in size to 12mm. He was prescribed three different medications and was told to follow up with an infectious disease physician. He claims the follow up appointment did not occur.

Additional chest x-rays were taken on April 20, 2016 to ensure the treatment regime was working. The x-rays were read by a private company with which the BOP contracted. Plaintiff

(4:19CV1730)

alleges the lesion continued to measure at 12 mm. One month later on May 26, 2016, the lesion was determined to be 11 mm. A third x-ray was taken in the summer of 2016. Based on that x-ray the lesion was determined to have remained at 11mm. An x-ray performed on September 9, 2016, just days after a CT scan was performed, showed the lesion to be 16 mm x 14mm. Plaintiff questions whether the individual who read the x-ray was performing his or her job properly rather than simply glancing at the image and moving on. A pocket of air and fluid was found in the x-ray. Plaintiff states it was ignored.

On April 6, 2017, Plaintiff had surgery to remove a portion of his lung. He was hospitalized for three days. Once he was returned to FCI Elkton, he developed an infection at the surgical site. He claims the infection site was ignored for several days before being cultured. He contends that the pathology for the portion of removed lung tissue revealed the presence of Black Lung and Valley Fever.

Plaintiff alleges he faced negligence, medical indifference, and inadequate care while incarcerated at both institutions. He seeks twenty-five million dollars in monetary damages "for pain and suffering incurred by the Federal Bureau of Prisons and its staff for cruel and unusual punishment and medical indifference." ECF No. 1 at PageID #: 12.

The Ohio Defendants filed a Motion to Dismiss (ECF No. 32) listing three grounds for relief: (1) lack of personal jurisdiction; (2) improper venue; and (3) failure to state a claim upon which relief may be granted. The transfer of their claims to the Northern District of Ohio cures the first two grounds for relief. For their third ground, Defendants argue that Plaintiff did not allege facts to suggest that any of them was personally involved in the actions described in the Complaint. *Id*. at PageID #: 316-20. Further they indicate the facts alleged suggest claims of

5

(4:19CV1730)

medical malpractice, negligence, or disagreement with a medical treatment and that all of these fail to meet the criteria to state an Eighth Amendment claim. *Id.* at PageID #: 321.

### III. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. The Court is "not bound to accept as true a legal

6

(4:19CV1730)

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

### IV. Law and Analysis[3]

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is

---

[3] The Magistrate Judge's Report and Recommendation concluded that the Western District of Texas did not have personal jurisdiction over the Ohio Defendants. Accordingly, the Magistrate Judge did not made findings with regard to Forrester's *Bivens* claim against the Ohio Defendants. Judge Cardone, adopting the Magistrate Judge's recommendation, transferred these claims to the Northern District of Ohio. Thus, the Court proceeds with a de novo review.

7

(4:19CV1730)

measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* at 10. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must demonstrate not only that he was suffering from a "serious" medical need, but that the particular Defendants named in the Complaint were "deliberately indifferent" to that serious medical need. *Id*. Deliberate indifference "entails something more than mere negligence." *Id.* at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). Erroneous treatment implicates the Constitution only when the health care provider's course of treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).

Plaintiff's Eighth Amendment claims fail for two reasons. First, he does not allege facts

8

(4:19CV1730)

suggesting that any of the Ohio Defendants was personally involved in the actions of which he complains. Furthermore, Plaintiff received treatment for his conditions. The medical staff found the lesion on his lung, took him to the local hospital where he remained and received treatment for thirty days. He was sent back to FCI Elkton where he received additional treatment and his condition was monitored with regular x-rays. Ultimately, he received surgery to remove a portion of his lung. Plaintiff faults the private company reading the x-ray but they are not a Defendant in this action. Where, as here, the medical staff provides constitutionally acceptable care, his or her inability to effect a final cure is not proof of deliberate indifference. *See* [Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996)](failure to cure chronic back pain was not evidence of deliberate indifference); *see also* [Fritts v. Richland Corr. Inst., 2019 WL 6311437, at *2 (N.D. Ohio Nov. 25, 2019)](same).

### V. Conclusion

Accordingly, The Ohio Defendants' Motion to Dismiss ([ECF No. 32](#)) is granted and this action is dismissed. The Court certifies, pursuant to [28 U.S.C. § 1915(a)(3)](#), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

|  December 23, 2019  |    */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |